# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROCHELLE GARRISON | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:16-CV-00349-DGK |
| v. | ) |
| | ) |
| DOLGENCORP, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

Pending before the Court is the Parties' Joint Motion for Protective Order (Doc. 11), filed pursuant to Federal Rule of Civil Procedure 26(c). Finding a protective order will expedite the flow of discovery material and facilitate the prompt resolution of any dispute over confidentiality in this litigation, the Court GRANTS the motion and ORDERS as follows:

1. Plaintiff and Defendants (collectively, the "Parties") have agreed that certain categories of documents deserve protection from disclosure to the general public. Therefore, the Parties agree to disclose "Confidential Materials," which are those documents designated as "Confidential" pursuant to the terms of this Order (and subject to the Federal Rules of Civil Procedure), and agree to be bound by all terms of this Order with respect to such materials. The documents and things designated "Confidential Materials," as designated by the party from whom discovery is sought, contain (a) financial and other business information that is confidential and proprietary to include employee compensation and benefits information; (b) technological trade secret information; (c) sales and customer information; (d) non-public, proprietary, or confidential corporate and strategic planning information, such as training documents and corporate standard operating procedures; (e) both personal and job-related employee information; or (f) net worth or tax information or other business information related

to the litigants. The Parties agree to designate as "Confidential" only those documents that they reasonably, and in good faith, believe should be treated as confidential. Confidential Materials must be maintained in accordance with the terms of this Order. Confidential Materials include any portion of documents, discovery responses, testimony, or other discovery materials containing confidential information. If the Parties cannot agree on whether particular materials should be treated as confidential hereunder, the party seeking to change the designation of the materials may apply to the Court to have the confidential designation removed. If a party objects to classification of information as confidential and moves to have that information removed from the restriction, that party has the burden of establishing that the materials are entitled to a confidential classification.

2. Confidential Materials may be used only for purposes of this litigation including appeals, and not for promotional or competitive or other purposes, and may be disclosed only to the following persons in connection with this litigation:

(a) The Parties, including employees and officers of Defendants and any other entity operating Dollar General stores who have a business interest or other need to know the information in the normal course of their business activities;

(b) The Court and court personnel involved in this case (including court reporters and persons operating audio or video recording equipment at depositions or other proceedings);

(c) Any mediator appointed by the Court or jointly selected by the Parties;

(d) Defendant Dolgencorp, LLC's in-house counsel, including their secretaries, legal assistants, and clerical and support personnel working with or under the supervision of in-house counsel;

(e) Plaintiff's and Defendants' outside counsel in this action, including their partners, associates, secretaries, legal assistants, clerical staff, and employees working with or under the supervision of the Parties' counsel to the extent reasonably necessary to render professional services in this action;

(f) Contract or temporary personnel engaged by and working under the supervision

of the Parties' counsel to the extent reasonably necessary to render professional services in this action;

(g) Consultants or experts for each party, retained for the purpose of testifying or assisting in the preparation of this case for trial;

(h) Personnel of graphics or litigation support firms engaged by the Parties or their attorneys;

(i) Witnesses expected to testify at any deposition, hearing, or trial, including use during the preparation of witnesses and potential witnesses; and

(j) Such additional persons as agreed to by the Parties in writing.

3. A designation of materials as Confidential must be made by affixing or placing the notice "Confidential" on all such materials. The designation must be affixed in a manner that does not interfere with the legibility or use of the materials. There must be no such designation with respect to any materials except where the designating party or parties and their counsel of record have a reasonable, good faith belief that the materials in fact contain information subject to protection pursuant to the standards set forth in this Order.

4. Confidential Materials must be treated as so by all persons to whom such information may be disclosed.

5. At any time after the production of any materials designated as Confidential by one party, any other party to this Order may serve a notice of objection to such designation stating the reasons for such objection. The Parties must make a good faith effort to confer and to informally resolve any disagreement over any objection to a "Confidential" designation of documents or information. Should the Parties be unable to resolve the issue raised by the objection, the objecting party may thereupon seek a ruling from this Court with respect to the merits of the designation. The party designating the materials as confidential has the burden of proving the appropriateness of the designation.

6. At times, witnesses at depositions may testify about documents or other information that is deemed Confidential in this Order. In that case, at the time of the deposition, any party may designate all or portions of deposition testimony by witnesses as Confidential under this Order by advising the court reporter and the videographer, as applicable, and all counsel at the deposition or proceeding of such fact. The court reporter must transcribe those portions of the testimony so designated and mark the face of each relevant page of the transcript with the testimony with the word "Confidential." Any portion of a deposition transcript not so designated at the time the testimony is given must nevertheless be treated as confidential for fourteen days after the party who seeks to designate the material as confidential receives the witness's transcript of the testimony, so as to permit the party or witness time to designate some or all of the testimony as confidential. Thereafter, only such portions of the transcript (that were not initially designated as "Confidential") as are affirmatively designated in writing by a party to be confidential must be treated as such under this Order. Such designation may be made by marking the transcript as "Confidential," listing the page and inclusive line numbers of the materials designated as confidential, and providing such designation to the other Parties' counsel and the court reporter. The court reporter must thereafter mark the face of each relevant page as "Confidential" and transcribe those portions of the testimony so designated.

Whenever any Confidential document is identified or marked as an exhibit in connection with deposition testimony given in these proceedings, it must be kept separate from the other exhibits in an envelope marked "Confidential – Subject to Agreed Protective Order." The party designating the information as "Confidential" during such deposition must also advise the court reporter of this requirement. Once the written transcript is marked and prepared in the foregoing manner, the videographer must label any tape that includes confidential information as

"Confidential – Subject to Agreed Protective Order." Confidential deposition transcripts and videotapes must be treated the same as other Confidential Materials as required by this Order.

If a party, in good faith, believes that it is necessary to attach deposition testimony to a pleading to be filed with the Court within fourteen days of receiving the deposition transcript, then it must give reasonably practicable notice to the other Parties of its intent to do so by identifying the portion of the deposition transcript it intends to file with the Court. If any portion of the identified deposition transcript is designated as Confidential in a reasonable time thereafter, it must be handled as Confidential under this Order. If any party fails to designate the identified deposition transcript as confidential, then the party wishing to attach the deposition transcript to a pleading may do so. A party may still designate any of the remaining portions of the deposition transcript as confidential within the fourteen-day period established above.

7. By their agreement, the execution of this Order by the Parties' counsel constitutes a representation that all persons employed by the Parties and the Parties' counsel must observe this Order and that all persons to whom Confidential Materials are disclosed as set forth in ¶ 2 must be made aware of this Order.

8. Subject to the Federal Rules of Evidence, the Confidential Materials may be offered in evidence at trial, deposition, court hearing, or in connection with any motion, response or other pleading filed with the Court, but only under the terms of this Order.

9. The filing or production of Confidential Materials under the terms of this Order does not alter the confidentiality of the Confidential Materials or alter any existing obligation of any party.

10. Confidential Materials that are filed, and any pleadings, motions or other papers filed that disclose any Confidential Information, must be filed pursuant to Federal Rule of Civil

Procedure 5.2. Where possible, only confidential portions of filings with the Court must be filed under seal.

The Parties must confer, prior to filing a document with the Court, as to whether any documents marked as "Confidential" can be filed without the protections of this Paragraph.

11. The Parties may also designate documents as "Confidential – Attorney Eyes Only." Documents designated as "Confidential – Attorney Eyes Only" may only be reviewed by persons identified in ¶ 2(d) and 2(e). This designation may only be assigned to documents that have not been disclosed to the public and that, if disclosed to the public, may cause irreparable harm or damage to a party. The procedures for designating documents (¶ 3), objecting to any designation (¶ 5), designating deposition testimony as confidential (¶ 6), and filing "Confidential Materials" under seal (¶ 10), also applies to documents designated "Confidential – Attorney Eyes Only." Likewise, the duties and responsibilities the Parties have to agree to orders for appeal (¶ 12), to notify the other party of a subpoena or order (¶ 13) and to retain or destroy documents (¶ 17) applies to documents designated as "Confidential – Attorney Eyes Only."

12. If the case is appealed, the party designating the Confidential Materials agrees to such orders as necessary to allow appropriate Confidential Materials to be included in the record of appeal.

13. If a third party or another court or an administrative agency subpoenas or orders the production of Confidential Materials from any party, the party from whom the information is sought must notify the other Parties of such subpoena or order to provide a reasonable time in order to give the other Parties an opportunity to review the order or subpoena and seek appropriate relief from the Court if desired.

14. This Order is intended to facilitate efficient litigation between the Parties and does

not alter resolution of any substantive issues or to affect the Parties' substantive rights.

15. This Order may be amended by agreement of counsel for the Parties in the form of a joint motion filed with and granted by the Court.

16. Willful violation of this Order may be punishable by the contempt power of the Court.

17. The Order survives until the final destruction or return of the Confidential Materials as required herein, and the Court retains jurisdiction to resolve any dispute concerning the use or disclosure of Confidential Materials. If a request from the producing party is made within thirty days of final resolution of this matter, the Parties must return the documents marked by the other party as Confidential and represent that all other copies have been destroyed.

**IT IS SO ORDERED.**

                                                  /s/ Greg Kays
                                              GREG KAYS, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT

DATED: June 2, 2016