UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROCHELLE GARRISON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CV-00349-DGK |
| | ) |
| DOLGENCORP, LLC and SANDRA BELL, | ) |
| | ) |
|     Defendants. | ) |

**ORDER DETERMINING COSTS**

This case involved claims under the Family and Medical Leave Act, the Americans with Disabilities Act, and the Missouri Human Rights Act. On December 6, 2017, The Court granted Defendants' motion for summary judgment (Doc. 95).

Now before the Court is Defendants' Bill of Costs seeking $2,943.70 (Doc. 97). Plaintiff objects to the taxation of the costs for the video transcript of the Winchester deposition (Doc. 98). Defendants did not file a reply. For the following reasons, the Court awards Defendants $2,803.70 in costs.

**Standard**

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A district court "has discretion in determining and awarding costs in a given case." *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987); *see Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) ("[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court."). But, the "prevailing party is presumptively entitled to recover all of its costs."

*Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006). The prevailing party bears the burden of persuading the court that the items and amounts sought are compensable under 28 U.S.C. § 1920 or some other authority. *Combs v. Cordish Cos.*, No. 14-0227-CV-ODS, 2015 WL 5096009, at *1 (W.D. Mo. Aug. 28, 2015).

The court's power to tax costs under § 1920 is limited to the items enumerated in the statute. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012). "Costs" are construed narrowly under the statute. The Supreme Court has cautioned that "[a]lthough 'costs' has an everyday meaning synonymous with 'expenses,'" taxable costs "are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Id.*

Section 1920 identifies six expenses that may be taxed as costs, one of which is applicable to the present case, "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920.

**Discussion**

Defendants seek costs for transcripts of four depositions. In determining whether the cost of a deposition transcript is compensable under § 1920, the relevant question is not whether the deposition was used to decide the summary judgment motion, but whether it "reasonably seemed necessary at the time [it] w[as] taken." *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 363 (8th Cir. 1997). To be compensable, the transcript must be "necessary for use in the case" and "not obtained primarily for the convenience of the parties." *McDowell v. Safeway Stores, Inc.*, 758 F.2d 1293, 1294 (8th Cir. 1985).

Plaintiff objects to $140.00 for a video transcription of the Winchester deposition. Plaintiff argues Defendants had a "stenographic version" of this deposition and that the video transcription was "extraneous and a convenience."

Considering the case was determined at the summary judgment phase, it appears the depositions were reasonably necessary at the time they were taken. However, the Defendants do not state how the video transcript of the Winchester deposition was necessary and not for its convenience. Accordingly, Plaintiff's objection is sustained and the cost for the video version of the Winchester deposition transcript is not compensable.

## Conclusion

Based on the foregoing reasons, the Court awards Defendants $2,803.70 in costs.

**IT IS SO ORDERED.**

Date: January 22, 2018  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT